IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**BILLY D. DAVIS**                                                                    **PETITIONER**

VS.                            **CASE NO. 2:15CV00142 KGB/PSH**

**C.V. RIVERA, Warden,**
**FCI Forrest City**                                                                   **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Billy D. Davis ("Davis") is an inmate in federal custody as a result of his 2005 conviction for conspiracy to distribute fifty grams or more of crack cocaine. The conviction came following a jury trial in the United States District Court for the District of Nebraska. Davis was sentenced to 360 months of imprisonment. A direct appeal was unsuccessful. *United States v. Davis*, 457 F.3d 817 (8th Cir. 2006). Davis sought postconviction relief from the sentencing court on numerous occasions[1]. These efforts were successful in two instances, and his sentence was reduced to 324

---

[1] The docket sheet reflects Davis filed a motion to reduce sentence in January 2008, a motion to vacate the sentence in February 2008, a motion to reduce the sentence in March 2008, and a supplement to the motion to vacate in March 2008. See item nos. 125, 130, 133, & 135, listed in

months, then further reduced to 262 months. See item nos. 142 & 221 from Davis' criminal case, listed in docket entry no. 9-2.

Davis, who is in custody at the Federal Correctional Complex in Forrest City, Arkansas, filed the current petition for relief on September 10, 2015. The petition seeks relief pursuant to 28 U.S.C. § 2241, alleging the federal trial court was without jurisdiction to reverse a state court decision, that his sentence is illegal because the prosecution used "fruit from the poisonous tree", and actual innocence, abuse of authority, and ineffective assistance of counsel. For relief, Davis requests this Court reverse his sentence and conviction. In his response, respondent C.V. Rivera ("Rivera") contends the petition should be dismissed because Davis should have pursued his relief in a § 2255 petition rather than a § 2241 petition.

Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). According to *Lurie*, § 2241 relief may be pursued only if Davis demonstrates § 2255 relief is inadequate or ineffective.

The case of *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000), addresses the issue of the inadequacy or ineffectiveness of section 2255 relief:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

The Court further noted that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

---

docket entry no. 9-2. In addition, Davis' request that the Eighth Circuit Court of Appeals permit him to file a second or successive § 2255 motion was denied on February 1, 2012. See docket entry no. 9-2, item number 217.

Here, Davis seeks reversal of his conviction, arguing errors in the trial primarily related to the introduction of evidence seized from him. The claims he raises are classic challenges to the imposition of a sentence, and are not related to the execution of the sentence or to the conditions of confinement. As such, these claims are cognizable in a § 2255 petition filed with the trial court, not in a § 2241 petition filed with this Court. Any correction in the imposition of the sentence must come from the trial court, and Davis must seek relief in that venue.

In order to seek collateral review with the trial court, Davis must receive permission from the Eighth Circuit Court of Appeals to file a successive petition. Although Davis filed a pleading on this issue, he does not demonstrate that a § 2255 petition is an inadequate or ineffective remedy, as described in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). See docket entry no. 11.

As a result, we recommend this petition be dismissed without prejudice to Davis seeking permission from the Eighth Circuit Court of Appeals to proceed with a successive petition. The relief sought should be denied.

IT IS SO ORDERED this 25th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE